UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

WILL WILLIAMS, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

v.

PALM K9 & SECURITY SERVICES INC.
d/b/a PALM SECURITY SERVICES
a Florida limited liability company, and
MICHAEL TRATTNER, individually,

    Defendants.

_____ /

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, WILL WILLIAMS ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, PALM K9 & SECURITY SERVICES INC. d/b/a PALM BEACH SECURITY SERVICES ("PALM SECURITY SERVICES") and MICHAEL TRATTNER ("TRATTNER"), individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of minimum wage and overtime compensation during the course of their employment. This action, arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Auburndale, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, PALM SECURITY SERVICES, was a Florida for-profit corporation located and transacting business within Auburndale, Florida, within the jurisdiction of this Honorable Court. PALM SECURITY SERVICES is headquartered and operates its principal location at 1772 Van Gogh Drive, Auburndale, Florida 33823.

4. Defendant, PALM SECURITY SERVICES, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, TRATTNER, was a resident of the Middle District of Florida, and was President and operator of the Defendant company within Auburndale, Florida.

6. During all times material hereto, Defendant, TRATTNER, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, PALM SECURITY SERVICES, during the relevant time period.

7. Defendant, TRATTNER, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Auburndale, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, PALM SECURITY SERVICES, is headquartered and regularly transacts business in Auburndale, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, PALM BEACH SECURITY, is a company that has provided security services in Orlando and Central Florida, since at least 2013.

12. According to its own website, Defendant, PALM SECURITY SERVICES, holds itself out to the community as follows:

> Palm Security seeks to become the most effective provider of security services in the Orlando and Central Florida area by delivering innovative security solutions that add value to properties and assist in mitigating issues that would compromise the safety and security for our clients.

*See [www.palmsecuritiyservices.com/about-us.html](www.palmsecuritiyservices.com/about-us.html)*

13. Defendant, PALM SECURITY SERVICES employs individuals such as Plaintiff to perform security services to clients.

## FLSA COVERAGE

14. Defendant, PALM SECURITY SERVICES, is covered under the FLSA through enterprise coverage, as PALM SECURITY SERVICES was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, PALM SECURITY SERVICES' business and Plaintiff's work for PALM SECURITY SERVICES affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, PALM

3

SECURITY SERVICES, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

15. During his employment with Defendant, PALM SECURITY SERVICES, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to: computers, radios, communication headsets, cell phones, speakers, GeoFence Triggers, GPS locators, video recording equipment, video cameras, vehicles, hats, company clothing and uniforms, alarm systems, and security equipment and software.

16. Defendant, PALM SECURITY SERVICES, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, PALM SECURITY SERVICES' business an enterprise covered by the FLSA.

17. Upon information and belief, Defendant, PALM SECURITY SERVICES, grossed or did business in excess of $500,000.00 during the years of 2015, 2016, 2017, and is expected to gross in excess of $500,000.00 in 2018.

18. During all material times hereto, Plaintiff was subject to individual coverage under the FLSA as the security services he offered during him employment required him to be regularly and recurrently engaged in an instrumentality of interstate commerce.

19. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, PALM SECURITY SERVICES, and TRATTNER, within the meaning of the FLSA.

20. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of PALM SECURITY

SERVICES; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

## PLAINTIFF'S WORK FOR DEFENDANTS

21. On or about August 27, 2018, Plaintiff began working for Defendants, PALM SECURITY SERVICES and TRATTNER, until on or about December 11, 2018.

22. Plaintiff worked an average of forty-two (42) hours per week.

23. Defendants advised Plaintiff he was to be paid at an hourly rate of $10.00 per hour.

24. However, Defendants failed to compensate Plaintiff for the months of October, November, and December 2018, i.e., for a period of eleven (11) weeks, in any conceivable way.

25. Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving any compensation for any hours worked during the relevant eleven (11) week period of his employment.

26. Defendants have refused to pay Plaintiff proper compensation for hours he worked, or the overtime compensation required at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

27. Defendants refused to pay Plaintiff the proper minimum wage rate of $7.25 per hour for all hours worked at or below forty (40) hours per week during the relevant eleven (11) week time period.

28. Moreover, Defendants refused to compensate Plaintiff at the proper overtime rate required by the FLSA for all hours worked in excess of forty (40) during the relevant eleven (11) week time period.

29. Accordingly, based on Defendants' failure to properly compensate Plaintiff at the statutorily proscribed minimum wage and overtime rate for the relevant eleven (11) week

period, Plaintiff is entitled to recover damages for minimum wage and overtime violations in the amount of **$3,429.25.**

30. However, because Defendants' violations were intentional and/or willful, Plaintiff is therefore entitled to recover an additional amount of liquidated (double) damages in the amount of **$3,429.25.**

31. Therefore, Plaintiff seeks a total of unpaid minimum wage and overtime damages in the amount of **$6,858.50.**

32. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.[1]

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*
**(Against All Defendants)**

33. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 32 as though set forth fully herein.

34. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

35. During the eleven (11) week time period relevant to this lawsuit, Plaintiff worked an average of forty-two (42) hours per week, for which he was not properly compensated.

36. Plaintiff is entitled to recover the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week.

---

[1] While not a requirement under federal law, prior to the filing of Plaintiff's Complaint, counsel for Plaintiff served a pre-suit demand letter I hopes of resolving this dispute without the need for litigation but was unsuccessful in obtaining resolution.

37. Accordingly, Plaintiff is entitled to recover damages for federal minimum wage violations in the amount of $3,190.00.

38. However, because Defendants' violations were intentional and/or willful, Plaintiff is therefore entitled to recover an additional amount of liquidated (double) damages in the amount of $3,190.00.

39. Therefore, Plaintiff seeks total unpaid minimum wage damages in the amount of **$6,380.**

40. The amount set forth above is to Plaintiff's best current information, knowledge and belief, and constitutes an estimate of amounts owed based upon documentation in Plaintiff's possession and her own personal recollection.

41. Plaintiff is further entitled to all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable.

WHEREFORE, Plaintiff, WILL WILLIAMS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, PALM SECURITY SERVICES, and TRATTNER, and award Plaintiff: (a) double unpaid minimum wages as provided by the FLSA to be paid by the Defendants, PALM SECURITY SERVICES, and TRATTNER jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

42. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 32 as though set forth fully herein.

7

43. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

44. During the eleven (11) week time period relevant to this lawsuit, Plaintiff worked an average of forty-two (42) hours per week, for which he not properly compensated.

45. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

46. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations in the amount of $239.25.

47. However, because Defendants' violations were intentional and/or willful, Plaintiff is therefore entitled to recover an additional amount of liquidated (double) damages in the amount of $239.25

48. Therefore, Plaintiff seeks total unpaid overtime wage damages in the amount of **$478.50**

49. The amount set forth above is to Plaintiff's best current information, knowledge and belief, and constitutes an estimate of amounts owed based upon documentation in Plaintiff's possession and his own personal recollection.

50. Plaintiff is further entitled to all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable.

WHEREFORE, Plaintiff, WILL WILLIAMS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, PALM SECURITY SERVICES, and TRATTNER, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, PALM SECURITY SERVICES, and TRATTNER jointly and

severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, WILL WILLIAMS, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 21st day of December, 2018.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Will Williams*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
Jordan@jordanrichardspllc.com
Livia@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 21, 2018.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: